■ In the Matter of the Estate of ELEGGI PERNO, Deceased. BARBARA PERNO, Appellant; BERNARD SAX, Respondent.— Order entered September 16, 1966 unanimously modified to the extent of striking therefrom the ordering paragraphs numbered one to four, inclusive, and, as so modified, the order is affirmed, without costs to any party, and without prejudice to the right of appellant to seek a declaration of her rights as alleged surviving spouse of decedent in any proper forum. Memorandum: Decedent died on November 1, 1964. Thereafter a temporary administrator was appointed. It appears that the estate was insolvent and by order entered July 26, 1965 the Surrogate directed distribution of some $2,400 in the hands of the temporary administrator to certain preferred creditors and the remainder ($752.06) pro rata to general credit-

ors (cf. Surrogate's Ct. Act, § 127). Thereafter appellant, Barbara Perno, the second wife of decedent, to whom he was married in August, 1964 after having obtained a purported decree of divorce in a foreign State in June, 1964 from his then wife, Geraldine Perno, petitioned for the issuance to her of letters of administration. It was not shown that there were any assets to administer but the proceeding was used to obtain a determination of the validity of the foreign divorce decree. The Surrogate denied the application for letters after having decided that the divorce decree was invalid. We agree with the contention of the special guardian for the infants that the issue of the validity of the divorce decree should not have been passed upon by the Surrogate. The application should have been denied on the ground that petitioner had failed to show the existence of the necessary jurisdictional facts (Surrogate's Ct. Act, § 119), namely, that the appointment of an administrator would have been a useless and unnecessary act. If for some purpose undisclosed by this record appellant requires a judicial determination of the validity of the foreign divorce decree she should seek an appropriate declaration in a proper forum. (Appeal from order of Niagara County ·Surrogate's Court denying application for letters of administration.) Present — Bastow, P. J., Goldman, Del Vecchio, Marsh and Witmer, JJ.